THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00067-MR-WCM
CRIMINAL CASE NO. 1:17-cr-00081-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSEAN CYRISTMAS KINARD, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Criminal Case No. 1:17-cr-00067-MR-WCM, Doc. 41; Criminal Case No. 1:17-cr-00081-MR-WCM, Doc. 37].

## I. BACKGROUND

In February 2018, the Defendant Josean Cyristmas Kinard was convicted of one count of possession of a firearm by a convicted felon in Criminal Case No. 1:17-cr-00067-MR-WCM and two counts of possession with intent to distribute controlled substances (namely, cocaine and cocaine base) in Criminal Case No. 1:17-cr-00081-MR-WCM. He was sentenced to a total of 70 months' imprisonment. [Criminal Case No. 1:17-cr-00067-MR-

WCM, Doc. 35; Criminal Case No. 1:17-cr-00081-MR-WCM, Doc. 31]. The Defendant is currently incarcerated at FCI Butner Low, and his projected release date is May 9, 2022.[1]

On July 30, 2020, the Defendant filed the present motion, seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing COVID-19 pandemic and the allegedly inadequate measures taken by FCI Butner Low to control the spread of the virus.

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden before filing a motion for a sentence reduction.  Further, the Court of Appeals for the Fourth Circuit

---

[1] See https://www.bop.gov/inmateloc/ (last visited August 6, 2020).

has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

While some courts have waived the exhaustion requirement for compassionate release motions in light of the COVID-19 pandemic, see United States v. Feiling, No. 3:19cr112 (DJN), 2020 WL 1821457, at *4 (E.D. Va. Apr. 10, 2020) (collecting cases), other courts have been reluctant to grant such waivers. For example, the Third Circuit in United States v. Raia held that a prisoner's failure to exhaust all administrative remedies set forth in § 3582(c)(1)(A) warranted the denial of his motion for compassionate release. 954 F.3d 594, 597 (3d Cir. 2020). In so holding, the Third Circuit stated that it did not intend to minimize the risks that COVID-19 poses to the health of federal inmates. However, the Court noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

3

considering the BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." Id.[3] The Court went on to state as follows:

> Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP prioritize the use of its various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic, we anticipate that the statutory requirement will be speedily dispatched in cases like this one.

Id. (citation and internal quotation marks omitted). Other courts, including district courts within the Fourth Circuit, have followed Raia's example and continued to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic. See United States v. Smith, No. 3:16-cr-48 (MPS), 2020 WL 1903160, at *3 (D. Conn. Apr. 17, 2020); United States v. Meron, No. 2:18-cr-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020); United States v. Hembry, No. 12-cr-00119-SI-1, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); Feiling, 2020 WL 1821457, at *5; United States v. Gillis, No. 14-cr-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020);

---

[3]Citing Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

United States v. Perry, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020); United States v. Carver, -- F. Supp. 3d --, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899, at *1 (D. Md. Mar. 30, 2020); United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v. Cohen, No. 19cr602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020). The Court agrees with Raia and the cases cited above and therefore joins these courts in holding that the mere existence of the COVID-19 pandemic does not render the exhaustion of administrative remedies futile.

As noted above, a defendant's failure to exhaust his remedies under § 3582(c)(1)(A)(i) precludes the Court from considering the merits of the Defendant's motion. Here, the Defendant does not assert that he has submitted a request for compassionate release to the warden of his Bureau of Prisons facility or that he has otherwise exhausted his administrative

remedies with respect to that request.[4] As such, the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must be denied, albeit without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Criminal Case No. 1:17-cr-00067-MR-WCM, Doc. 41; Criminal Case No. 1:17-cr-00081-MR-WCM, Doc. 37], is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

---

[4] The requirements of § 3582(c)(1)(A)(i) are not just technicalities. They allow the Bureau of Prisons an opportunity to pass on the Defendant's request for compassionate release in the first instance. Allowing the BOP to first address the Defendant's request makes sense, as the BOP stands in the best position to assess all of the factors which must be considered in granting a compassionate release, including the number of COVID-19 cases within the particular facility; the defendant's medical conditions and his or her resulting susceptibility to contracting COVID-19; the ability of the facility to treat the defendant's medical conditions; the defendant's conduct during the period of incarceration; and the defendant's proposed release plans, among other factors.

**IT IS SO ORDERED.**

Signed: August 10, 2020

Martin Reidinger
Chief United States District Judge

7

Case 1:17-cr-00067-MR-WCM   Document 42   Filed 08/10/20   Page 7 of 7