**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00067-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **JOSEAN CYRISTMAS KINARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion for Judicial Recommendation Regarding 210-240 Days of RRC Placement" [Doc. 46].

The Defendant moves the Court for a recommendation concerning placement in a residential reentry center (i.e., a halfway house) for the last 210 to 240 days of his sentence. [Doc. 36]. The Bureau of Prisons (BOP), not the Court, has the authority to designate the location of an inmate's place of imprisonment, including his placement at a halfway house or a similar facility. See 18 U.S.C. § 3621(b). Similarly, the discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). Accordingly, the Defendant's

request for a recommendation from this Court regarding his placement at a halfway house must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Motion for Judicial Recommendation Regarding 210-240 Days of RRC Placement" [Doc. 46] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 25, 2021

Martin Reidinger
Chief United States District Judge